## NISBET v. THE CITY OF ATLANTA.

A municipal corporation is not liable in damages for the death of
one convicted in a corporation court and sentenced to work
upon the public streets, although his death was occasioned
while the convict was engaged in such work, and resulted
from negligence on the part of the foreman who had been
placed by the municipal authorities in charge thereof, and
from the failure of such foreman to provide the convict, after
his injury, with the proper medical attention and treatment.
January 13, 1896.

Action for damages. Before Judge Van Epps. City
court of Atlanta. July term, 1895.

The case of Mattie Nisbet against the City of Atlanta
was dismissed on general demurrer. Her declaration
alleged, that about the 26th of December, 1893, by sen-
tence of the recorder's court of said city, her husband
Carter Nisbet was consigned to the city stockade for the
violation of some city ordinance; and while under the direct
personal orders of the city's agent and street foreman, he
was commanded to lift a large rock and place it in a city
wagon; that said foreman in gross carelessness furnished
him with totally inadequate help to raise the rock, whereby
the other hands who were aiding in lifting it were unable
to sustain the weight of it, and it fell back on Nisbet's hand,
crushing the same, from the effects of which wound he
died on January 6, 1894. His labor, while thus engaged
and hurt, was of special value, advantage and benefit to the
city in improving the sidewalks and streets of the city in its
local and special interests. He was thirty-four years of
age, of good health and strength, and the injury was en-
tirely without fault on his part and wholly due to the gross
negligence of the city's foreman in compelling him while a
prisoner to attempt to lift and move the rock with totally
inadequate help and without any of the usual tools and
working implements used in lifting and moving large sub-
stances. The usual way of lifting said rocks on wagons

was by the use of skids or large pieces of wood or plank, and by crowbars; but the city's foreman wilfully neglected this proper and safe method, and forced Nisbet to attempt to lift with his hands the rock from the ground to the wagon; whereby he was hurt and killed. "At that time the city had such usual appliances, and failed to use or furnish the same to Nisbet in moving and lifting the rock. The city appointed said foreman to superintend and work its prisoners including Nisbet, controlled the foreman in the discharge of his duties, and had full power to continue or remove him and hold him responsible for the manner in which he discharged his trust; and his duties in working the city's prisoners to improve the streets were corporate powers and for the peculiar benefit of the city in its local and special interests. The rock referred to was to be lifted and put on a city wagon and transferred from one part of the city to another, to be used as a curbing for the city's sidewalk.

In a second count it is alleged, that upon the crushing of Nisbet's hand as stated, the same demanded immediate surgical and medical attention, and that he be not compelled to work while thus mangled; but notwithstanding his said condition, the foreman compelled him to work for nine days after he was hurt, his hand in that time swelling to an abnormal size and blood-poison setting in, from which he died on January 15, 1894. Said city's agent refused to send for a surgeon or doctor, and without any medical or surgical attention Nisbet was compelled by the city to work for nine days after his hand was so terribly lacerated, his said work being of value and benefit to the city in improvements of the public streets and sidewalks. At that time the city had seven physicians in its employment, one selected for each ward, to attend to such injuries as Nisbet sustained; and a ward physician could readily have been secured to render the proper attention.

By amendment the foregoing allegations were amplified,

and the following facts set forth: Nisbet was consigned to the city stockade for the violation of some city ordinance, and placed in the custody of D. G. Wylie, duly elected, acting and commissioned by the city as its commissioner of public works. Nisbet was placed under the direct personal orders of Thomas Shivers, a duly authorized agent and street foreman of the city, and while on Loyd street was commanded by Shivers to lift said rock, the only help-'ers provided being one Greer Strickland and two small boys whose names are unknown, when there should have been four or five more helpers then and there easily obtainable by Shivers. The usual tools and appliances for moving such rocks were in the city's possession and control and easily obtainable, and if furnished to Nisbet and his helper, no injury would have resulted; but Shivers neglected this proper and usual method of using skids or large pieces of wood or plank or crowbars, and forced Nisbet to attempt to lift the rock from the ground to the wagon. The city's agents, Thomas Shivers and David Vining (who guarded Nisbet on the streets and at night) refused to send for a surgeon, and without any medical treatment or surgical attention he was compelled by said agents to work for nine days after his hand was so lacerated by the rock, by which negligence blood-poison was caused in the hand, from which Nisbet died on January 15, 1894.

*E. A. Angier*, for plaintiff.     *J. A. Anderson* and *George Westmoreland*, for defendant.

LUMPKIN, Justice.

The question involved in this case has been too often passed upon by this court to require further elaboration. Neither the law of master and servant nor the doctrine of *respondeat superior* applies in a case where a prisoner undergoing punishment for a violation of a municipal ordinance is injured or killed in consequence of the negligence or misconduct of the officer having the custody or control

of such prisoner. This is true because, in such matters, the municipal corporation is exercising governmental powers and discharging governmental duties, in the course of which it, of necessity, employs the services of the officer in question. See the case of *Wilson* v. *Mayor & Council of Macon*, 88 *Ga.* 455, which is directly in point, and the authorities there collected; and, also, the opinion of Justice Atkinson in the more recent case of *Love* v. *City of Atlanta*, 95 *Ga.* 129, which, in principle, is decisive of the case now in hand.                    *Judgment affirmed.*