## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* YESBIK.

1. Under the constitutional amendment of 1916 the power of the Supreme Court in certiorari extends to all cases decided by the Court of Appeals.
2. In the light of the constitutional history of the origin and purpose of the creation of the Court of Appeals and the amendment to the constitution adopted in 1916, defining the jurisdiction of the Supreme Court and of the Court of Appeals, and giving to the former court power by certiorari or otherwise to review the decisions of the latter court, this power should not be so carelessly exercised as to have the effect of prolonging litigation by converting the Court of Appeals into an intermediate court, so as to burden the docket of this court with cases intended by the constitution, under ordinary circumstances, to be reviewed by the Court of Appeals and to be controlled by the judgment of that court.  Accordingly, great caution will be exercised and the writ issued only in cases involving questions of great public concern and in matters of gravity and importance.
3. A proper case for the grant of the writ is presented where the question involved is the effect of the act of Congress known as the Carmack amendment to the Hepburn act on a State statute giving a cause of action against the last of several connecting carriers for damage to goods transported, where the initial carrier received the goods as "in good order," as applied to an interstate shipment of freight.

No. 209.   MARCH 19, 1917.

Application for certiorari to Court of Appeals (Case No. 7443).
*Pottle & Hofmayer,* for plaintiff in error.
*John Henry Pool,* contra.

EVANS, P. J.  In 1916 the constitution of this State was amended by giving to the Supreme Court the right to review judgments rendered by the Court of Appeals.  An application has been presented to this court for the grant of a writ of certiorari to the Court of Appeals; and in passing thereon it is well to advert to the constitutional history and policy of this State with respect to the powers and jurisdiction of the Supreme Court and of the Court of Appeals.  The Supreme Court of Georgia was organized in 1846, under the act of the General Assembly approved December 10, 1845, for the correction of errors in judgments rendered in the superior courts of this State.  By the constitution of 1877 a writ of error was allowed to a certain class of city courts. With the multiplication of city courts and the increase of judicial circuits, it was found necessary to increase the number of judges of the Supreme Court from three to six.  The Supreme Court with the additional judges being unable to hear and properly determine the volume of business before the Supreme Court, a constitutional

amendment was adopted in 1906, creating the Court of Appeals. By that amendment the Supreme Court and the Court of Appeals were courts of review, each final in their respective jurisdictions, but the latter was bound to follow the decisions of the former. With the growth of the State in material progress and in population the dockets of both courts of review became clogged on account of the large number of cases depending in each. To meet this situation the number of judges in the Court of Appeals was increased to six, and in 1916 the constitution was so amended as to enlarge the jurisdiction of that court both as to subject-matter and to courts over the judgments of which power to review was given. Jurisdiction over certain subject-matters hitherto exclusively vesting in the Supreme Court was given to the Court of Appeals. The cleavage of jurisdiction between the two courts of review was clearly drawn, and within its jurisdiction the Court of Appeals was designed to be a court of last resort. The jurisdiction of the Supreme Court and the Court of Appeals is not concurrent, but exclusive in the particular sphere of each. As a means of securing concordance in decision it was provided that the decisions of the Supreme Court shall bind the Court of Appeals as precedents, and the Court of Appeals was empowered to certify to the Supreme Court any question upon which it desired instruction, and was bound by the instruction on the question certified. In addition to these precautions for uniformity of decision, after defining the jurisdiction of the Supreme Court the constitutional amendment of 1916 provided that "It shall also be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified to the Supreme Court from the Court of Appeals for review and determination, with the same power and authority as if the case had been carried by writ of error to the Supreme Court." This provision was manifestly intended to vest ·in this court a comprehensive power, extending to the review of any decision pronounced by the Court of Appeals; but when considered in connection with the whole constitutional scheme of two reviewing courts, and in the light of the history of the two courts, it is manifest that a careless exercise of the power would defeat the very purpose of the institution of the Court of Appeals. So exercised it would be but the prolongation of litigation by the interposition of an intermediate court, and might burden the dockets of this

court with cases which the framers of the constitutional amendment intended ordinarily to terminate in the Court of Appeals. This court, therefore, should be chary of action in respect to certiorari, and should not require by certiorari any case to be certified from the Court of Appeals for review and determination, unless it involves gravity and importance. It was not intended that in every case a complaining party should have more than one right of review.

The act of Congress of March 3, 1891, c. 517, establishing the Circuit Court of Appeals, contains in the sixth section language substantially similar to that of the amendment of 1916, in making provision for a revision by the Supreme Court of the United States, by certiorari or otherwise, of any case made final in the Circuit Court of Appeals. The Supreme Court of the United States has acted with great caution in granting writs of certiorari. It has granted the writ where the case involved questions of great public concern or matters of gravity and importance (Re Lau Ow Bew, 141 U. S. 583, 12 Sup. Ct. 43, 35 L. ed. 868), where there is a conflict between a State Supreme Court and the Circuit Court of Appeals as to large property rights (Forsyth v. Hammond, 166 U. S. 506, 514, 17 Sup. Ct. 665, 41 L. ed. 1095), where the decision would seriously affect the administration of justice (Re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. ed. 782), and in similar instances. That court has refused to grant the writ where the question was involved whether it was settled law in a particular State that certain judgments of dismissal operated as a bar to a second suit, or whether the law in respect of recovery by a servant against his master for injuries received in the course of his employment was properly applied on the trial of a case. In re Woods, 143 U. S. 202 (12 Sup. Ct. 417, 36 L. ed. 125). The constitutional amendment of 1916 is so coincident in verbiage with the provision in the act of Congress for review by certiorari of decisions of the Circuit Court of Appeals by the Supreme Court of the United States that we may indulge the thought that it was modeled by its framers on the act of Congress of 1891. At all events, the striking similarity in phraseology and the desirability of uniformity in construction impel us to follow, so far as the same may be applicable to our system of procedure, the construction placed on this language in the act of Congress by the Supreme Court of the United States.

The application for certiorari involves the question whether or not a statutory action under § 2752 of the Civil ˙Code of 1910 against the last of several connecting carriers in an interstate shipment of freight is prohibited by the act of Congress of June 29, 1906, c. 3591, 34 Stat. 593 (U. S. Comp. St. 1913, § 8592), known as the Carmack amendment to the Hepburn act. The Court of Appeals decided that such statutory action was not prohibited by the Carmack amendment. Under the constitution as amended in 1916, the Court of Appeals has exclusive jurisdiction to review the judgment of the trial court in this form of action. Naturally, therefore, where there is no exact precedent in the decision of this ˙ court, the public and the profession must look to the Court of Appeals for guidance in bringing actions of this character. It is important that the court which has the power to establish precedents binding on both ˙courts should determine at the first opportunity whether there is a conflict between State and Federal statutes. Furthermore, as the decision of the Court of Appeals presents a Federal question, it would seem that before any writ of error would lie from the Supreme Court of the United States, application must first be made to this court for writ of certiorari. Bacon *v.* Texas, 163 U. S. 207 (16 Sup. Ct. 1023, 41 L. ed. 132) ; Sullivan *v.* Texas, 207 U. S. 416 (28 Sup. Ct. 215, 52 L. ed. 274). Such application is not to be regarded as a merely perfunctory proceeding. On the other hand, where there is doubt as to the correctness of the decision, the writ of certiorari should be granted, that the whole question may be maturely considered and decided on full argument.  ˙

*Certiorari granted. All the Justices concur, except Fish, C. J., absent.*