FIRST NATIONAL BANK OF ATLANTA, executor, *v.*
WILLIAMS *et al.*

No. 13381. FEBRUARY 14, 1941.

Judges Rourke and Knox were designated for this case, instead
of Presiding Justice Atkinson and Justice Bell, disqualified.

*Brandon, Hynds & Tindall* and *Everett & Everett,* for plaintiff in error.

*George & John L. Westmoreland* and *William T. Dean,* contra.

ROURKE, J. · This case is before this court on certiorari from the Court of Appeals. In a suit filed by Mrs. Katie Isabelle Williams in Fulton superior court against the First National Bank as executor, and Mrs. Katie Belle Culpepper (since deceased) as executrix, of the last will and testament of Ernest F. Culpepper with reference to a settlement of the same estate now involved in this case the judge sustained a demurrer and dismissed the action. This court held that the petition "failed to show an equitable cause of action, and the judge did not err in sustaining the demurrer." *Williams* v. *First National Bank of Atlanta,* 181 *Ga.* 38 (181 S. E. 225). Thereafter on March 25, 1936, the same plaintiff filed in the court of ordinary of Fulton County a proceeding at law for an accounting, and an appeal to the superior court was entered, and after sundry proceedings a verdict was rendered in favor of the defendant. The judge of the superior court granted a new trial. Upon exception this first grant of a new trial was affirmed by the Court of Appeals, and a motion for rehearing was denied. *First National Bank* v. *Williams,* 62 *Ga. App.* 203 (8 S. E. 2d, 562). The application for certiorari was originally denied in this court, Justices Atkinson and Bell not participating, because of disqualification. Upon motion for reconsideration this judgment was vacated by the four Justices qualified, and certiorari was granted; whereupon the two Judges now participating were designated to preside in lieu of the disqualified Justices. Upon careful examination of the record and mature consideration of the question presented, we have reached the conclusion that the certiorari was improvidently granted. *Central of Ga. Ry. Co.* v. *Yesbik,* 146 *Ga.* 620 (91 S. E. 873); *King* v. *State,* 155 *Ga.* 707 (118 S. E. 368); *L. & N. R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90). It should accordingly be dismissed.

*So ordered. The participating Justices and Judges concur.*