SLATEN et al. v. TRAVELERS INSURANCE COMPANY et al.

No. 14868.   JULY 7, 1944.

Woodruff, Ward & Etheridge, and Lokey & Bowden, for plaintiff. Neely, Marshall & Greene, for defendants.

DUCKWORTH, Justice.   Answering a certified question from the Court of Appeals, which is set forth in full in Slaten v. Travelers Insurance Co., 197 Ga. 1 (28 S. E. 2d, 280), this court stated: "As to those employees who have accepted the terms of the workmen's compensation act by the method prescribed in the Code, § 114-201, the bare fact of engaging in work in this State without giving notice of election not to be bound by the act automatically brings the provisions of the act into operation, in so far as injury arising out of the Georgia employment is concerned, regardless of where the accident itself may occur." The Court of Appeals construed the facts in the case to mean that at the time of the accident the employee was employed to supervise a number of different construction projects, some of which were located within this State and others without the State, and that the accident arose out of and in the course of his employment connected with the Tennessee

project; in which State the accident occurred, and, hence, was not compensable under the Georgia law. Having thus determined the facts, that court applied the above rule as declared by this court, and held that the injury was not compensable in this State. In our consideration of the application for the writ it was thought that the Court of Appeals might have misconstrued our decision in answer to the certified question, and for this reason the application was granted in order that we might more fully examine that question. After a careful examination of the case, we are satisfied that the Court of Appeals correctly construed our decision. Under the ruling in *Macon News Printing Co.* v. *Hampton,* 192 *Ga.* 623 (15 S. E. 2d, 793), the writ of certiorari is dismissed.

*Writ of certiorari dismissed. All the Justices concur.*