31607.   HARTFORD ACCIDENT & INDEMNITY COMPANY
*et al. v.* WELKER.

Decided September 4, 1947.

596

*T. Elton Drake,* for plaintiffs in error.

*Douglas, Evans & Cole,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The evidence shows that the Industrial Board of Georgia had jurisdiction of this case. The A. E. Staley Company has from twenty to twenty-five employees in the State of Georgia. Mr. Welker had never been employed by the company in the State of Illinois; for

the last fifteen years he had been employed in Georgia, with his headquarters in Atlanta, Georgia, with supervision over the States of Georgia, Florida, Alabama, Tennessee, and a part of Kentucky, but had no duties to perform for the company or any employment with the company in the State of Illinois. An agreement was signed by Welker in Georgia and it was intended to relate to employment solely or in the main in Georgia and entirely outside of the State of Illinois. It does not show any·proper execution by the A. E. Staley Manufacturing Company so as to be binding upon them, if such an agreement could be legally executed so as to deprive the Georgia board of jurisdiction in a case such as this. There is no proof in the record that at the time the alleged agreement was signed that the statutes of Illinois relating to such claims as this gave the employee any protection whatever. The employee had never lived in Illinois or been located there as an employee, and his territory as an employee did not include any part of the State of Illinois. The agreement was signed by the employee in the State of Georgia.

If this agreement was executed as claimed, but if the State of Illinois did not at that time provide protection similar in principle to that provided in Georgia (and there is no evidence in the record as to what protection is afforded an employee in such cases as this under the Illinois law), our courts will not uphold such an agreement. Nor will the court uphold such an agreement if it·was intended to relate to employment wholly or in the main in Georgia and entirely outside of Illinois. The agreement contemplated services exclusively outside of Illinois. The agreement must be construed in the light of the facts before the court and can not serve to divest the Georgia board of jurisdiction in this matter. ·

The Georgia law is far-reaching and liberal in its coverage and protection of employees. It is strict, definite, and exacting in its provisions relating to its rejection. The provisions of the Workmen's Compensation Act of Georgia prevail over all agreements not clearly in accord therewith. This is true even in a case of agreement between the employer and employee approved by the board. Not only the employer and employee have a real interest in the principles and policies underlying this legislation, but it is affected with the public interest. "Every contract of service between any employer and employee covered by this Title, written,

oral, or implied, shall be presumed to have been made subject to the provisions of this Title, unless either party shall give notice in the manner provided in § 114-202 and § 114-203 to the other party to such contract, that the provisions of this Title, other than § 114-204, § 114-205, and § 114-206 are not intended to apply." Code, § 114-110. "No contract or agreement, written, oral or implied, nor any rule, regulation or other device shall in any manner operate to relieve any employer in whole or in part from any obligation created by this Title, except as herein otherwise expressly provided." § 114-111. In *Employers Liability Assurance Corp.* v. *Hunter,* 184 *Ga.* 196 (190 S. E. 598), it was held: "Where an employer, a resident of Florida, which is engaged in the paving construction business, and for several years has done business in Georgia under and subject to the Workmen's Compensation Act of this State, and has carried compensation insurance thereunder, enters into a contract in this State with a resident of this State for services not expressly exclusively without this State, and such employee sustains an accidental injury while within the State and engaged in the usual course of trade, business, occupation, or profession of the employer, or incidental thereto, and where at the time of the injury the employer has in force a policy of compensation insurance taken out for the purpose of insuring the employer against liability under the act, and where after the accident the employer engages in business in this State under the compensation act, and while thus engaged is insured under the above policy, such employer and employee are subject to the provisions of the Georgia Workmen's Compensation Act, in the absence of any showing that either or both of them have given the notice required to exempt them from the operation of the act (Ga. L. 1920, p. 171, sec. 5; 1931, pp. 7, 43; Code, § 114-201), even though, at the time of the contract of employment, the injury, and the hearing before the Department of Industrial Relations, the employer was not actually engaged in business in this State with ten or more employees in its service, and even though the employer at such times as it was actively engaged in business in this State had less than ten employees regularly in service in the same business in this State." "In McKesson-Fuller-Morrison Co. *v.* Industrial Commission [212 Wis. 506] (1933), 250 N. W. 396, it was held that, where an employer under the compensation act engages a person

to perform services in Wisconsin under a contract of hire, express or implied, no matter where or when such contract was made, the employee is entitled to the benefits of the Wisconsin act, and this even though he was injured while outside that State rendering services incidental to his employment within that State. The court said that the place where the contract was made was not controlling; and that whether the employee was a resident of the State was not material, but that the controlling and decisive factor was whether he had a status as an employee within the State.

"And it was held that a traveling salesman whose contract of employment was made in Illinois, but whose sales territory was in Wisconsin, and who was injured in Illinois while returning to his territory from the employer's branch, to which he had been summoned, was an employee within the meaning of the Wisconsin Act, and that an award under that act was proper." 90 A. L. R. 120 (note). See also, *Slaten* v. *Travelers Ins. Co.,* 197 *Ga.* 1 (28 S. E. 2d, 280); *Slaten* v. *Travelers Ins. Co.,* 197 *Ga.* 856 (30 S. E. 2d, 822); *Murphey* v. *American Mutual Liability Ins. Co.,* 70 *Ga. App.* 598 (28 S. E. 2d, 876); *Globe Indemnity Co.* v. *Lankford,* 35 *Ga. App.* 599 (134 S. E. 357); *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880); *Metropolitan Casualty Ins. Co.* v. *Huhn,* 165 *Ga.* 667 (142 S. E. 121); 71 C. J. 311; 1 Schneider's Workmen's Compensation Law, pp. 411-433; Carl Hagenbeck & Great Wallace Show Co. *v.* Randall, 75 Ind. App. 417 (1920) (126 N. E. 504); *Employers Liability Assurance Corp.* v. *Hunter,* 184 *Ga.* 196 (190 S. E. 598); American Law Reports annotations (particularly under "Conflict of Laws"), appearing in 3 A. L. R. 1351, 18 A. L. R. 292, 28 A. L. R. 1345, 59 A. L. R. 735, 82 A. L. R. 709; 126 A. L. R. 876.)

■ Under the facts as above set out, the Compensation Board was amply authorized to find that the injury to Mr. Welker was an injury arising out of and in the course of his employment. "An employee whose work requires that he travel and spend nights away from home and at hotels or lodging places, is protected, by the provisions of the Workmen's Compensation Law from exposure to the *perils of the highway* and the *hazards of hotels* which occur in the normal, usual, and accustomed manner, and which are incident to such exposure. An injury so incurred may be said to have a causal connection with the employment and therefore to

have arisen out of the employment." *Railway Express Agency* v. *Shuttleworth,* 61 *Ga. App.* 644 (1b) (7 S. E. 2d, 195) ; *Continental Casualty Co.* v. *Weems,* 60 *Ga. App.* 410 (3 S. E. 2d, 846).

Under the facts of this case, the Industrial Board of Georgia had jurisdiction, and under the evidence was amply authorized to make the award for compensation and the superior court did not err in affirming the award of the Industrial Board.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*