## HURLEY *v.* CITY OF ATLANTA.

No. 17543. ARGUED SEPTEMBER 12, 1951—DECIDED OCTOBER 9, 1951—REHEARING DENIED NOVEMBER 16, 1951.

*K. C. Bradford* and *E. B. Judge,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for defendant.

CANDLER, Justice.   John L. Hurley sued the City of Atlanta for damages.   Briefly and in substance, his petition alleged: He was arrested in Atlanta on November 12, 1949, and charged with being drunk.   He was convicted in the police court of that offense and sentenced to pay a fine of $12 or be confined at the city's work camp for a period of 20 days.   The fine of $12 was not paid; and he was transferred to the work camp.   As such a convict, he was required to work upon the city's public streets. While so working, and solely because of the city's negligence, he was seriously and permanently injured on November 14, 1949. The trial judge overruled a general demurrer, whereby the city

challenged the sufficiency of his petition to state a cause of action for the relief sought. The city excepted and sued out a writ of error to the Court of Appeals. That court reversed the trial court's judgment, with Judges Worrill and Townsend specially concurring and with Judge Felton dissenting. *City of Atlanta* v. *Hurley*, 83 *Ga. App.* 879 (65 S. E. 2d, 44). In so reversing the trial court's ruling, the Court of Appeals held that the defendant city was not liable in damages for an injury sustained by the plaintiff after he had been convicted of a penal offense in its police court and sentenced to work on its public streets, although his injury occurred while he was thus engaged in such work, and resulted solely from the city's negligence. Thus held the court, in effect, that keep and maintenance of the convict and the work he was required to perform upon its public streets was a governmental function, for the negligent performance of which the city was not liable to him in damages for a resulting injury. As authority for its majority ruling, the Court of Appeals cited and followed *Nisbet* v. *City of Atlanta,* 97 *Ga.* 650 (25 S. E. 173), where it was held and accordingly said by headnote: "A municipal corporation is not liable in damages for the death of one convicted in a corporation court and sentenced to work upon the public streets, although his death was occasioned while the convict was engaged in such work, and resulted from negligence on the part of the foreman who had been placed by the municipal authorities in charge thereof, and from the failure of such foreman to provide the convict, after his injury, with proper medical attention and treatment." As shown by the report thereof, the *Nisbet* case was brought in two counts. Count one alleged that the City of Atlanta was liable in damages to the petitioner because her husband sustained an injury, from which he afterwards died, while working as a city convict upon its public streets, which injury resulted solely from the city's negligence. The other count charged that the City of Atlanta was liable in damages to the petitioner because her husband, while working upon its public streets as a city convict, sustained an injury, from which he died nine days later, because of the city's negligent failure to provide and furnish him necessary medical attention and treatment. The trial court sustained a general demurrer to the petition as

a whole, and this court affirmed that ruling. When that case was decided on January 13, 1896, this court was composed of only three Justices and in the specially concurring opinions filed in this case by Judges Worrill and Townsend serious doubt was respectfully expressed as to the soundness of the ruling made in *Nisbet's* case. The brief submitted to this court by counsel for Hurley in support of his application for the writ of certiorari likewise questioned the correctness of the ruling made in the *Nisbet* case, and was treated by a majority of us as containing a sufficient request for this court to review and overrule it. For such consideration, a majority of the Justices were of the opinion that Hurley's petition for certiorari should be granted by this court; and, accordingly, it was so ordered. But subsequently, we have carefully re-examined the *Nisbet* case and, after doing so, have reached the conclusion that the ruling there made is sound and in full accord with our law upon the subject there dealt with. Accordingly, the motion to review and overrule it is expressly denied. And since the *Nisbet* case is unquestionably a binding precedent upon the question here involved and was followed and applied as such in the case at bar by a majority of the judges of the Court of Appeals, it necessarily follows that the writ of certiorari was improvidently granted by this court and should be dismissed. See, in this connection, *Central of Ga. Ry. Co.* v. *Yesbik*, 146 *Ga.* 620 (91 S. E. 873); *First National Bank of Atlanta* v. *Williams*, 191 *Ga.* 611 (13 S. E. 2d, 361); *Macon News Printing Co.* v. *Hampton*, 192 *Ga.* 623 (15 S. E. 2d, 793).

*Writ of certiorari dismissed. All the Justices concur.*