## JOHNSON *v.* THE STATE.

WYATT, Justice. Horace Johnson was tried and convicted of murder without a recommendation to mercy. He filed his motion for new trial, which was duly overruled. To this judgment the defendant excepted. *Held:*

1. In so far as the general grounds of the motion for new trial are concerned, it is necessary to say only that the evidence was sufficient to support the verdict.

2. Special ground four complains because the court refused to disqualify a juror to whom movant objected. The juror as to whom objection was made, upon the voir dire examination, was asked the following question: "Have you, from having seen the crime committed, or having heard any of the testimony delivered on oath, formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar?" The juror replied that, although he had not seen the crime committed nor had he heard any of the testimony delivered under oath, he had expressed an opinion as to the guilt or innocence of the

prisoner at the bar. The movant objected and moved that the juror be disqualified. The court directed that the rest of the voir dire questions be asked. The juror qualified on the rest of the questions. The court then ruled that the juror was qualified. To this ruling, the movant objected. "To disqualify one from being a juror in a criminal case, he must have formed and expressed an opinion, either from having seen the crime committed, or from having heard the testimony under oath. One who from some other cause has formed and expressed an opinion which is not fixed and determined, and who indicates his competency by answering the statutory questions on his voir dire, is not an incompetent juror." *Wilburn* v. *State,* 141 *Ga.* 510, 511 (3) (81 S. E. 444). See also cases there cited. There is no merit in this ground of the motion for new trial.

3. Special ground five complains because the court admitted in evidence, over objection, a written confession made and signed by the defendant. The objection was that the State had not shown the circumstances surrounding the confession, and that the confession was not freely and voluntarily made. There is no merit in this ground of the motion for new trial. The circumstances surrounding the confession were testified to in detail and show that the confession was made freely and voluntarily. It was not error to admit it in evidence.

4. Special ground six complains because a coat allegedly worn by the deceased at the time of her death was admitted in evidence over timely objection. The objection was that the coat had not been properly identified. There is no merit in this contention. The coat was positively identified as the one worn by the deceased on the night of the homicide, and it was not error to admit it in evidence. See *Davidson* v. *State,* 208 *Ga.* 834 (69 S. E. 2d, 757), and cases there cited.

5. Ground seven complains because the court admitted, over timely objection, a photograph of the sole of a left shoe which was allegedly worn by the defendant on the night of the homicide. The objection was that the shoe itself, which had already been admitted in evidence, was the highest and best evidence. This ground is too indefinite and incomplete to raise any question for decision by this court. It is not shown wherein or how the admission of this evidence, whether or not erroneous, could in any way have harmed this defendant. Where no injury is shown, there is no ground for a new trial. See *Lee* v. *State,* 116 *Ga.* 563 (42 S. E. 759) and *Hoxie* v. *State,* 114 *Ga.* 19 (39 S .E. 944).

6. Special ground eight complains because the court refused to grant a mistrial because of remarks made by the solicitor-general during his argument. The remark complained of was as follows: "They had whisky and could lead her around like a baby after candy." It is contended that this statement was prejudicial, harmful, and improper. Conceding that the statement was improper, the trial judge instructed the solicitor-general to stay within the evidence. The matter of granting a mistrial is "largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with." *Manchester* v. *State,* 171 *Ga.* 121, 132 (155 S. E. 11). It follows, it was not error to refuse to grant a mistrial in the instant case.

7. Special ground nine complains of an excerpt from the charge of the

court, as follows: "If made, [referring to the alleged confession] but not voluntarily and without being induced by another by the slightest hope of benefit or the remotest fear of injury, the jury should not give it any consideration at all." This excerpt from the charge, while perhaps ineptly phrased, is a correct principle of law, was adjusted to the evidence in this case, and is not erroneous for any reason assigned.

8. Special ground ten complains because, when the court below undertook to charge the law relating to circumstantial evidence, it charged only the language of the Code. Since the evidence in the instant case was not wholly circumstantial, and since there was no written request for any further charge on this question, the charge was not erroneous for any reason assigned. See *Williams* v. *State,* 196 *Ga.* 503 (26 S. E. 2d, 926); *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d, 482); and cases there cited.

9. It follows, the judgment of the court below denying a new trial was not error.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17929. Submitted July 14, 1952—Decided September 2, 1952.

*J. Pierce Anderson* and *George L. Jackson,* for plaintiff in error.

*C. S. Baldwin Jr., Solicitor-General, Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.