THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AGAPITO RUIZ RODRÍGUEZ, Defendant and Appellant.

No. 16181. Argued February 12, 1957.—Decided May 27, 1957.

*Luis A. Archilla Laugier* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Arturo Estrella* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Agapito Ruiz Rodríguez was prosecuted in the Superior Court, Humacao Part, for the crime of murder. The case was tried by a jury. It found him guilty of murder in the second degree. The defendant filed a motion for new trial which was denied. The lower court then sentenced him to a term of ten to twenty-five years' imprisonment in the penitentiary. He appealed from the judgment as well as from the order denying him a new trial.

In his first assignment he contends that the lower court erred in denying "seven motions for mistrial filed . . . by the defense, on the ground . . . of improper conduct

of the prosecuting attorney which inflamed the minds of the jury, whereby the trial was not . . . fair and impartial." Appellant alleges that the prosecuting attorney on seven occasions, during his argument to the jury, disclosed to them "elements which were not supported by the evidence," and made statements discrediting the testimony of an expert whose capacity as such had been admitted by the People. Even if it is true that the prosecuting attorney went beyond the limit in his argument by referring to facts which were not supported by evidence to that effect and that on one occasion he stated that defendant's expert was a professional witness, which statement was not supported by the evidence either, we are of the opinion that the trial court did not err in denying the motion for mistrial. We have held that a motion of this kind does not lie "unless it is proved that defendant has suffered positive damages or that his substantial rights have been prejudiced or unless it is evident that there has not been a fair and impartial trial. *Avery* v. *State,* 70 S. E. 2d 716 ; *State* v. *Frazer,* 248 S. W. 2d 645; *Johnson* v. *State,* 72 S. E. 2d 291." *People* v. *Díaz,* 74 P.R.R. 348. Whenever necessary the lower court gave the jury adequate instructions to protect the appellant from the prosecuting attorney's statements, objected by appellant. There is nothing in the record to conclude that such statements prejudiced the substantial rights of the defendant or that he did not have a fair and impartial trial.

▉ The second assignment alleges that the lower court erred in denying the motion for new trial "based on newly discovered evidence which was in the possession of the prosecuting attorney and on the fact that the jurors, while acting as such, drank intoxicating beverages which prevented them from receiving the evidence and judging the cause in issue correctly and conscientiously as required by law." The first ground on which this assignment rests is without merit. And so is the second. At the hearing for the motion for new trial the Foreman of the jury who tried the case was called to the

witness stand. He testified as follows when examined by the defense counsel: "Q.— . . . Tell me, on January 17, 1956, when the trial began, did you have lunch at some place with the jury in this case? A.—Yes, sir, I did. Q.—Where did you have lunch? A.—At El Lirio, I believe that is the name of the restaurant. Q.—The restaurant. Where? A.—Here in Humacao. Q.—Could you tell me what you had for lunch that day, what you ate there? A.—Each one ordered what he wished. Q.—Did you have something besides lunch? A.—Yes. Q.—What else did you have? A.—Whenever the jury goes out for lunch we are served as a compliment a small bottle of . . . Q.—But on that day to which I refer, on January 17, what did they serve? A.—To drink? Q.—To drink. A.—I remember that we were served a bottle of . . . Q.—A bottle of what? A.—Of brandy, I believe. Q.—What happened to that bottle of brandy that was served there? A.—I don't know whether it was drunk or not. Q.—But did they drink out of that bottle? A.—They did. Q.—And when was that? A.—The day of the trial. Q.—On the seventeenth? A.—The first day of the trial. THE COURT: The first day of the trial? A.—The first day of the trial. THE DEFENSE: The first day of the trial. THE COURT: the first day of the trial. THE DEFENSE: The second day, that is, on the eighteenth, did you have lunch at that same place? A.—I don't remember quite well whether it was at that same place or not, but on that second day another small bottle was also served. Q.—A bottle of what? THE COURT: A bottle of what? A.—A pint bottle of Superior Rum, or whatever it was. THE DEFENSE: What did the gentlemen of the jury do with it? A.—Yes, sir. Q.—They drank? A.—Yes." That was all the evidence introduced in the lower court to support the motion for mistrial, on the basis that the jury who sat in the case drank liquor during the course thereof.

As appellant states, all the courts condemn "the use of intoxicating beverages by the jurors while in the discharge of their functions . . ." Unquestionably, it is quite reprov-

able, and because it is so, this Court also reproves and condemns the drinking of liquor by members of a jury, even in small quantities, while in the discharge of their functions, and it should not be allowed.[1]  However, we do not believe that a verdict of conviction should be vacated on the ground that one or more jurors have drunk intoxicating beverages, without taking into consideration the amount or its effect, as has been held in several, though few, opinions.  The underlying principle, which is unquestionably correct, is that even if it is highly censurable that one or more jurors use intoxicating beverages while they act as such, the fact that they do so is not by itself a ground to set aside the verdict and order a new trial, unless it appears that the use of such liquor brought about prejudicial consequences for the defendant, that the juror or jurors acted under the influence of liquor, that this in any way affected the verdict, or that it was supplied by a party interested in the results of the case.  *State* v. *Baber*, 41 Am. Rep. 314 (Mo.) ; *Jones* v. *People*, 45 Am. Rep. 526 (Col.) ; *State* v. *West*, 33 Am. Rep. 506 (Mo.) ; *Burgess* v. *Territory*, 19 Pac. 558 (Mont.) ; *State* v. *Bruce*, 30 Am. Rep. 403 (Iowa) ; *People* v. *Gray*, 61 Cal. 164; *Perry* v. *Bailey*, 12 Kan. 539; *State* v. *Tatlow, Sr.*, 8 Pac. 267 (Kan.) ; *Underwood* v. *Old Colony St. Ry Co.*, 76 Atl. 766 (R. I.).

Applying to the case at bar the rule which we have just stated, it is evident that the lower court did not err in refusing a new trial based on the ground stated.  The evidence introduced in the lower court only reveals that, as has been seen, on the day the trial began, the restaurant where the jurors had lunch served them as a compliment of the house a bottle of brandy from which some jurors drank—there were thirteen jurors—and that the next day at the same time they

---

[1] Although the lower court correctly denied the motion for new trial, it clearly stated that ". . . the Jury when in the discharge of its duty should not drink at all, even if it is only an appetizer . . ."

It seems obvious to us that the marshals should not allow the serving of any kind of liquor to the jurors when they are in the discharge of their duties.

also drank from a half-pint of rum. There is no proof that they drank all the contents of the bottle or of the half-pint. Nor is there evidence that any, or some of the jurors were at any time under the influence of alcohol, nor that on account of their drinking alcohol on the two occasions mentioned the defendant was prejudiced, or that it affected the verdict improperly. Although, we repeat, we condemn the use by the jury of intoxicating beverages while in the discharge of their duties, and we repeat that it is indeed censurable, it is obvious that on the basis of the evidence before the trial court, the latter could reach no other conclusion than to declare without merit appellant's contention, which he repeats in this Court, to the effect that the members of the jury "drank intoxicating beverages *which prevented them from receiving the evidence and judging the cause in issue correctly and conscientiously . . . .*"[2]   (Italics ours.)

In the third assignment it is alleged that the trial court erred "in determining, as a question of law, that defendant's confession was made voluntarily." Said court had, in our opinion, sufficient evidence to make that determination and to submit to the jury, as it did, defendant's confession where he admitted having fired some shots at his wife which, according to the information, caused her death.

Appellant is not correct in contending in the fourth and last assignment that the verdict "is contrary to the evidence and to the law."

The judgment will be affirmed.

Mr. Justice Marrero did not participate herein.

---

[2] Section 303 of the Code of Criminal Procedure, 34 L.P.R.A. § 883, provided that:

"When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial, in the following cases only:

".    .    .    .    .    .    .    .

"3. When the jury has . . . been guilty of any misconduct by which a fair and due consideration of the case has been prevented."