24840. McCLUSKEY v. AMERICAN OIL COMPANY et al.

PER CURIAM. The Court of Appeals (one judge dissenting) reversed the judgment of the trial court because of the overruling of the motion for a mistrial of the defendant American Oil Company. The ground upon which the motion was made and enumerated as error was that counsel for the plaintiff during the course of his argument to the jury said: "The third element that you have to decide is, if there was an injury and if there is liability, then is there ability to pay, and, if so, how much should this mother be compensated for the death of this child? · Now there is no doubt in your mind and there is no doubt in my mind that there is ability to pay. In a lot of cases you have to worry about that. You have to consider where the man works that has been sued, and, if he can pay, the judgment that you think will be fair. In this case you don't because American Oil Company has assets untold, and whatever you decide this twelve-year-old child . . ." Upon overruling the motion the trial judge said to counsel, "I caution you not to go into the matter before the jury, and I specifically instruct the jury to disregard that." Upon renewal of the motion by counsel for the defendants the trial judge adhered to his previous ruling, saying, "I admonish counsel not to touch upon that matter again in his argument." The Court of Appeals held that "This argument of plaintiff's counsel concerning the financial condition of the defendant went entirely beyond any possibility of correction by a mere admonition to the jury to disregard it or to counsel to refrain from further touching upon it. It was patently and grossly harmful. Nothing short of a declaration of a mistrial could erase the harm. What the court did was not enough." *American Oil Co. v. McCluskey,* 118 Ga. App. 123, 125 (162 SE2d 853). We granted certiorari.

When this case was previously before this court, *McCluskey v.*

*American Oil Co.*, 224 Ga. 253, 254 (161 SE2d 271), Justice Mobley in writing the opinion for the court pointed out the fact that there was testimony on the trial by one Disharoon, one of the defendants and an employee of American Oil Company "that the American Oil Company has 300 employees in the regional office in Atlanta, and that he would guess it has about 75,000 in all . . . and that the company spent millions of dollars advertising on television and radio, and in newspapers." This was testimony tending to illustrate that the American Oil Company was a company of considerable financial worth. "So long as testimony remains in the record unobjected to, it is the privilege of counsel to comment upon it, regardless of the impropriety of the testimony." *Hotel Dempsey Co. v. Miller*, 81 Ga. App. 233 (3) (58 SE2d 475). Notwithstanding the testimony above referred to we agree that the argument of counsel for the plaintiff went beyond the bounds of proper and legitimate argument, but in ruling on such matters the trial judge is vested with a broad discretion and his ruling will not be disturbed unless it appears that his discretion was manifestly abused. *Code* § 81-1009; *Georgia Power Co. v. Puckett*, 181 Ga. 386 (5) (182 SE 384) ; *Smith v. State*, 204 Ga. 184, 188 (48 SE2d 860), and see *Chattanooga &c. R. Co. v. Huggins*, 89 Ga. 494 (15 SE 848), where this court said in Division 11 of its opinion as shown on page 506: "Another ground of error is, that counsel for the plaintiff, in his opening argument, made the following appeal to the prejudices of the jury: 'Gentlemen of the Jury, we are asking you for $20,000 and we want it. That is a heap of money. I never saw that much money and I know the plaintiff never did, and I don't suppose any member of the jury ever did; but this defendant did. It's got plenty of it, and we want it. This is lots of money to us, but a mighty little to this defendant. It could give us $20,000 and never miss it.' These remarks were grossly improper, and it was the duty of the court to rebuke counsel and require him to desist, and to warn the jury to disregard them. But it does not appear from the record that the court failed to do this; and in the absence of any such showing, this court cannot assume that there was any omission in this respect. The presumption is that the court did its duty." We quote the above, not because of any presumption as to the action taken by the trial judge in the instant case with respect to the motion for a

mistrial, but for comparison of the improper argument in that case with the argument of counsel for the plaintiff in the case now before us where the record shows that the trial judge took prompt action which amounted to rebuke of counsel for the plaintiff on account of the argument complained of and specifically instructed the jury to disregard it. In support of what we here rule, in addition to the cases already cited, see the following: *Patterson v. State*, 124 Ga. 408 (1) (52 SE 534); *Withrow v. State*, 136 Ga. 337 (3) (71 SE 139); *Powell v. State*, 179 Ga. 401, 411 (176 SE 29); *Johnson v. State*, 209 Ga. 333 (6) (72 SE2d 291); *Radcliff v. State*, 220 Ga. 169, 171 (137 SE2d 654); *Wheeler v. State*, 220 Ga. 535, 537 (140 SE2d 258); *Hill v. State*, 221 Ga. 65, 67 (142 SE2d 909). Compare *Newton v. Cohen-Walker-Bailie*, 111 Ga. App. 753, 755 (143 SE2d 14).

Under all the facts of this case we are of the opinion that it cannot be properly held that the trial judge abused his discretion in overruling the motion for a mistrial, and that prejudice, if any, created by the argument upon which the motion was based was not completely erased by the actions taken by the trial judge. Therefore, the judgment of the Court of Appeals is

*Reversed. All the Justices concur, except Mobley and Frankum, JJ., who dissent.*

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*William W. Mundy, Mundy, Gammage & Cummings*, for appellant.

*Edwards, Bentley, Awtrey & Parker, Fullbright & Duffey*, for appellees.

FRANKUM, Justice, dissenting. I am of the opinion that the certiorari in this case should be dismissed upon the principles announced in *Central of Ga. R. Co. v. Yesbik*, 146 Ga. 620 (91 SE 873), and reasserted in *L. & N. R. Co. v. Tomlin*, 161 Ga. 749, 759 (1) (132 SE 90) and *Hicks v. L. & N. R. Co.*, 182 Ga. 595, 602 (186 SE 662) and the numerous other cases following them. The question decided by this court to my mind is merely a question of fact, that is: whether or not under the

facts of the case appearing in the record the argument of counsel was *in fact* improper and whether the action taken by the court was sufficient to remove its harmful effects, if any, from the minds of the jury, and whether the instruction of the court, merely admonishing counsel for the plaintiff not to touch upon "that matter" again, amounted to a rebuke of counsel as required by *Code* § 81-1009. The interpretation of the Court of Appeals as to the effect of the argument and the corrective action taken by the trial court being merely questions of fact should not be disturbed by this court. The rules of law applied by the Court of Appeals and by this court are unquestioned and well established. It is useless to reiterate what has been said by this court in numerous cases, some of them full bench decisions, rendered since the *Yesbik* case holding that the writ of certiorari was not intended to afford to the complaining party in every case a right of more than one review and that in areas wherein exclusive jurisdiction is conferred by the Constitution on the Court of Appeals the decision of that court should be final except in cases where the question sought to be presented on certiorari is one of gravity and importance. The decision of the Court of Appeals in this case could not possibly fall in that category since it would constitute a binding precedent only where exactly the same facts occurred in the trial of another case. But, the likelihood that the same or even a similar argument would be made and the same or a similar ruling by the court be made also is so remote that the decision could not possibly constitute a precedent of general gravity and importance to the bench and bar. In addition to the cases already cited, see the following cases supporting my view of this matter. *King v. State,* 155 Ga. 707, 712 (118 SE 368); *Jones v. Pacific Fire Ins. Co.,* 159 Ga. 248 (125 SE 470); *First Nat. Bank v. Williams,* 191 Ga. 611 (13 SE2d 361); *Macon News Printing Co. v. Hampton,* 192 Ga. 623 (15 SE2d 793); *Slaten v. Travelers Ins. Co.,* 197 Ga. 856 (30 SE2d 822); *Gulf Life Ins. Co. v. McDaniel,* 203 Ga. 95 (45 SE2d 64).

I am authorized to state that Justice Mobley concurs in this dissent.