26121.   SPINDEL v. JONES et al.

ALMAND, Chief Justice. The petition for certiorari assigns error on the rulings by the Court of Appeals that: (a) the amount of exemplary damages was excessive, (b) the amount awarded by the jury for attorney's fees was in excess of what should be regarded as reasonable and adequate, and (c) the total verdict was "so excessive of the relief sought and to which the plaintiff was entitled as to indicate bias or prejudice on the part of the jury, requiring the grant of a new trial."

Rule 54 of this court provides: "A review on certiorari is not a matter of right, but of sound judicial discretion. An application

for the writ will be granted only in cases involving gravity and importance." The adoption of this rule came after the decision in *Central of Ga. R. Co. v. Yesbik,* 146 Ga. 620 (2) (91 SE 873) where this court said: "In the light of the constitutional history of the origin and purpose of the creation of the Court of Appeals and the amendment to the Constitution adopted in 1916, defining the jurisdiction of the Supreme Court and of the Court of Appeals, and giving to the former court power by certiorari or otherwise to review the decisions of the latter court, this power should not be so carelessly exercised as to have the effect of prolonging litigation by converting the Court of Appeals into an intermediate court, so as to burden the docket of this court with cases intended by the Constitution, under ordinary circumstances, to be reviewed by the Court of Appeals and to be controlled by the judgment of that court. Accordingly, great caution will be exercised and the writ issued only in cases involving questions of great public concern and in matters of gravity and importance."

No ruling or decision on any proposition of law is complained of. The only question presented to this court is: did the Court of Appeals err in granting a new trial on the ground of excessiveness?

Compare *Hicks v. Louisville & N R. Co.,* 182 Ga. 595 (186 SE 662) and *Louisville & N. R. Co. v. Tomlin,* 161 Ga. 749 (132 SE 90). The writ of certiorari was improvidently granted and it is

*Dismissed. All the Justices concur, except Nichols and Hawes, JJ., who dissent.*

ARGUED DECEMBER 16, 1970—DECIDED JANUARY 25, 1971—
REHEARING DENIED FEBRUARY 15, 1971.

*Webb, Parker, Young & Ferguson, John Tye Ferguson, Paul Webb, Jr.,* for appellant.

*Westmoreland, Hall & Bryan, John Westmoreland, Jr., P. Joseph McGee,* for appellees.

*Cullen M. Ward,* amicus curiae.

*Peek, Whaley & Haldi, Glenville Haldi,* for party at interest not party to record.