## 61935. FRENCH & WHITTEN, REALTORS v. HUGENBERG et al.

SHULMAN, Presiding Judge.
Plaintiff brought suit against defendant-appellant and two other defendants for fraud, breach of contract, and negligence in regard to the sale of certain of plaintiff's real property. From a verdict and judgment in favor of plaintiff against all defendants, appellant-French & Whitten, Realtors brings this appeal. We affirm.

1. Appellant asserts error on the trial court's denial of its motion for mistrial, which motion was prompted by a question posed by co-defendant's counsel regarding the earnings of French & Whitten, Realtors. The trial court refused to grant a mistrial but, instead, instructed the jury that the question was totally irrelevant, that they were to put it completely out of their minds, and that they were to consider the case on the other evidence and not on the complained of

question. In addition, the court asked if there were any members of the jury who could not put the question from their minds, and none responded affirmatively.

While we take no issue with appellant's contention that counsel's question was inappropriate and prejudicial, we cannot agree, in light of the prompt curative action taken by the trial court, that the court abused its discretion in denying appellant's motion for mistrial. See *Ga. Power Co. v. Redman,* 137 Ga. App. 427 (3) (224 SE2d 477); *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830).

2. Appellant contends that the trial court erroneously charged the jury that they could apportion damages among the defendants if they found all the defendants liable in negligence.

Although this section of the court's instructions may not be completely clear, we disagree with appellant's interpretation of the charge. Read in the context of the entire charge and of the pleadings, which raised several different theories of recovery, the complained of instruction was merely an amplification of the court's preceding instructions regarding the division of claims against the defendants. Contrary to appellant's contentions, then, the charge did not permit the jury to apportion damages as they saw fit against jointly negligent tortfeasors.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 26, 1981.

*Samuel W. Oates, Jr.,* for appellant.
*Joseph L. Waldrep, John W. Denney, James A. Patrick,* for appellees.