68301. SOUTHERN FRIED CHICKEN et al. v. THERMO-KING CORPORATION et al.

(323 SE2d 291)

POPE, Judge.

Workers' compensation. Jackie J. Chance suffered an injury to his low back during the course of his employment with Thermo-King

Corporation in 1975. Following treatment (which included surgery) for this injury, Chance became unable to perform the heavy, strenuous work he had previously performed at Thermo-King. Since Thermo-King had no light work available for Chance, a rehabilitation specialist was assigned to assist him in obtaining other employment. Some years passed during which Chance was unable to obtain suitable employment, although he had retrained himself as a draftsman. Through the efforts of a later-appointed rehabilitation specialist, Chance secured a trainee position with Southern Fried Chicken (SFC) in 1982. SFC was aware of Chance's medical history. Chance's work at SFC included lifting boxes of chicken (approximately 65 pounds each) about three or four times a week and 50 to 100-pound bags of potatoes on occasion. The rehabilitation specialist assured SFC that Chance could do the work. After two months on the job with SFC, Chance injured his low back in the course of unloading a piece of equipment from a truck and loading another, each piece weighing approximately 200 pounds. Chance has not returned to work at SFC since his injury.

The Administrative Law Judge (ALJ) found that Chance's injury at SFC was "a change in condition in the old injury as a result of regular work of lifting the chickens and potatoes, culminating in the lifting of the machinery, and that therefore the compensation should be paid by Thermo-King and its insurer, Liberty Mutual Insurance Company." Upon de novo consideration of the evidence, the State Board of Workers' Compensation found that Chance began to experience back pain after helping unload and load the truck. The Board concluded that Chance's "employment with Southern Fried Chicken caused him to sustain a new accident and new injury to his back. . . ." Thus, SFC and its insurer, Nationwide Mutual Insurance Company, were directed to pay Chance's compensation. The superior court affirmed the award of the Board, and appellants SFC and Nationwide bring this appeal therefrom.

1. Appellants' challenge to the sufficiency of the evidence to support the Board's award is, under the circumstances in this case, controlled adversely to them by *Beers Constr. Co. v. Stephens*, 162 Ga. App. 87 (2) (290 SE2d 181) (1982). See generally *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (1) (224 SE2d 65) (1976).

2. The thrust of appellants' remaining enumerations of error is that appellees, Thermo-King and Liberty Mutual, are estopped from denying liability for Chance's claim because the rehabilitation specialist, stipulated by all parties to be an independent contractor of Liberty Mutual, assured SFC that Liberty Mutual would remain liable for any injury to Chance's back while he was employed at SFC. One of SFC's partners testified that he was very concerned about hiring Chance because of his history of back trouble. The partner testified

that SFC agreed to hire Chance only after being assured by the rehabilitation specialist that Liberty Mutual would remain liable for any injury to Chance's back. As to the rehabilitation specialist's authority to speak for Liberty Mutual, the record shows that Liberty Mutual agreed to pay one-half of Chance's salary for the three-month training period at SFC. This inducement was presented to SFC by the rehabilitation specialist. The rehabilitation specialist agreed that SFC was very concerned about the possibility of Chance re-injuring his back but denied telling SFC that Liberty Mutual would remain liable for any injury to Chance's back. The Board made no findings as to this issue, and appellants seek a remand to the Board for resolution.

In light of the contradictory and inconclusive nature of the evidence on this very relevant issue, the sole basis for not returning this matter to the Board for resolution must be some statutory or other legal prohibition against such an agreement. Our research has disclosed no such proscription. Appellees' reliance on OCGA § 34-9-10 is misplaced since the alleged agreement does not purport to relieve SFC of its obligations as an employer under the Georgia Workers' Compensation Act. Compare, e.g., *Hartford Accident &c. Co. v. Welker*, 75 Ga. App. 594 (1) (44 SE2d 160) (1947); *Globe Indem. Co. v. Lankford*, 35 Ga. App. 599, 600 (134 SE 357) (1926). Rather, the purpose of the agreement was to have Liberty Mutual provide coverage for any injury to Chance's back, apparently as part of the consideration for SFC's hiring Chance. SFC and its insurer Nationwide were to be responsible for any other type of work-related injury which Chance might have suffered.

Therefore, insofar as the judgment of the superior court affirmed the award of the Board directing that appellants provide workers' compensation for Chance's injury, it is reversed with direction that this case be remanded to the Board for findings as to the estoppel issue set forth in Division 2 of this opinion. We express no opinion on the merits of this matter. Insofar as the superior court's judgment affirms the Board's finding of a "new accident and new injury," it is affirmed.

*Judgment affirmed in part; reversed with direction in part. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 29, 1984.

*N. Sandy Epstein*, for appellants.
*William C. Reed*, for appellees.