## MATHEWS *v.* THE STATE.

1. Rape, according to our code, being the carnal knowledge of a female forcibly and against her will, if the sexual act be accomplished with the mental consent and acquiescence of the female, and not in opposition to her

will, the offense of rape is not committed, and, even though such consent be induced by the use of such a measure of force as might, under ordinary circumstances, serve to overcome her power of resistance, if, notwithstanding the use of such force, she finally consent to the sexual act and her will cease to operate against its consummation, the offense is not rape.

2. The verdict finding the accused guilty of adultery and fornication is supported by the evidence, and the trial judge did not err in overruling his motion for a new trial.

Argued May 3, — Decided May 19, 1897.

Indictment for adultery and fornication. Before Judge Felton. Crawford superior court. March term, 1897.

The accused was ordinary of Crawford county. During 1896 he boarded at the house of Eubanks, and spent a while there every morning and every day after dinner. Eubanks's daughter Charlotte, a girl of sixteen years, did defendant's writing. One morning in July, after breakfast, in the absence of all the others of the family, he had carnal knowledge of Charlotte Eubanks. She testified that he forced her to consent to it; he got hold of her and made her consent. It was upon his lounge, he using force and she resisting him, trying to keep him off; but she had to consent—they were all away from home. He forced her to consent to it. He was on her before she consented, and had her clothes up. She resisted him all she could, and he overpowered her. She did not consent until he had overpowered her. It was against her will all the time. She never did want to do it, but had to consent. She screamed out and begged him to quit, but he forced her to consent to it. She was afraid to tell her mother about it, and did not tell her for about seven months. Defendant continued to live in the house, and witness continued to work for him and he paid her wages for such work. When he caught her he had his pants unbuttoned and said he was going to do it. She asked him to let her alone. He was married, and she was single; she had to consent before it was through with, because she never had any one to help her. It was by his force; she had to consent to it. Before she consented he was on her holding her, but he had not accomplished his purpose before she did consent.

The motion for new trial alleges that the verdict, finding the accused guilty of adultery and fornication, is contrary to

law and evidence; and that the court erred in the following charges to the jury:

"In rape, in order to convict a defendant of rape, the State is required to show that the defendant had carnal knowledge of the party alleged to have been raped, not only forcibly, but against her will; because the statute says, that rape is the carnal knowledge of a female forcibly and against her will. You see you can not rape a woman by having carnal knowledge of her forcibly and with her consent. You catch the difference? I presume the jury does. If a woman consents to the act of carnal knowledge, there can be no offense of rape committed.

"Now, in adultery and fornication, there may be some degree of force used, depending upon the circumstances surrounding the transaction; as, for instance, it might be a matter for the consideration of the jury to determine, and you should take into consideration all the facts in the case for the purpose of determining whether or not, in this case, if you believe any carnal knowledge of Charlotte Eubanks was had at all by the defendant Mathews, whether or not that carnal knowledge was finally with her consent, or whether or not the degree of force and violence contemplated by the law to make out the charge of rape was actually used by the defendant in order to accomplish his purpose of carnal knowledge; provided you believe under the evidence he did have carnal knowledge of Charlotte Eubanks. You may look, and should look, to the circumstances of the case. Determine what her age was, what were her surroundings, what her relation to him was, their relations not only before that time but subsequently to that time, in order to determine, if you should believe that he did have carnal knowledge of her, whether that carnal knowledge of her at that time was forcibly and against her will, or was with her consent though some degree of force was used by him.

"I apprehend, in any act of sexual intercourse some degree of force may be necessary to accomplish the purpose of the act of sexual intercourse, but whether or not the degree of force and violence necessary to constitute the offense of actual rape itself, so as to show that the carnal knowledge was had

forcibly and against her will, was a matter that you must look to the evidence in the case, all of the evidence in the case, to determine for yourselves what the truth of the case is. Look to the condition of the woman, look to their relation afterwards, all those facts consider for the purpose of determining whether or not, in this case, if there was any carnal knowledge of Charlotte Eubanks had by the defendant at all, it was forcibly and against her will or whether or not it was with her consent, though force may have been used to induce her finally to consent.

"If you believe, that even though force was used to induce her to consent, that after the application of force she finally did consent to the act of sexual intercourse, and that at the time of that sexual intercourse the defendant did have carnal knowledge of her, but at that time not forcibly and against her will, you would not be authorized to say that it was rape, but if he did have carnal knowledge of her and it was not forcibly and against her will but with her consent, even though some force was used to accomplish the act of sexual intercourse, then he was guilty of the offense of adultery and fornication.

"Consider all the circumstances and consider whether or not the act of sexual intercourse can be completely had and performed unless the persons were consenting finally to the act; for if the actual mutual consent, the consent of the mind, is finally given, if the consent of the mind was finally given to the act, it would not be rape.

"Now look to the evidence and see whether or not, under the evidence, the testimony shows that finally she consented to the act, whatever the reasons were; see whether she finally consented. If her volition and her will was finally to consent, and she finally gave her consent to the act, then the crime of rape would not be committed. Though the act, on the other hand, was committed, if the will never did consent, if she never gave her consent, then, if the act of sexual intercourse was completely had, it would be the offense of rape; because, as I said, rape is the carnal knowledge of a woman forcibly and against her will.

"It is not alone necessary in the offense of rape to constitute that offense that force may be used in the effort to accomplish the purpose, but you will observe that in the offense of rape the intercourse must be forcibly and against her will."

And in refusing to charge, as requested: "If the parties to this act both voluntarily consented to the act, then this would be the crime of adultery and fornication; but if the consent of this woman was obtained by physical force used by the defendant Mathews, then the case would be rape; and if the jury believe that her consent was forced, by physical force or violence on the part of the defendant, then the jury can not convict the defendant of the crime of adultery and fornication. If the sexual intercourse was against her will all through, though she yielded to the force and did not resist, it is rape."

*Gustin, Guerry & Hall, Bayne & Gambrell, R. H. Culverhouse* and *W. J. Wallace*, for plaintiff in error.

*Robert Hodges, solicitor-general*, contra.

SIMMONS, C. J.    Mathews was indicted for the offense of fornication and adultery, and convicted. The facts are set out fully in the official report. It is contended by the accused that under these facts the verdict was contrary to law and the evidence; that if any crime was committed, according to the testimony, it was rape, and not fornication and adultery. The evidence, in brief, shows that Mathews had employed a girl as his clerk; that she did work for him at her father's house; that he boarded there; that one morning after breakfast, while her father and mother were absent, he and the girl were together in the room of the accused; that he took hold of her person and attempted to throw her upon a lounge; that she resisted; and that he finally "forced her to consent," and had sexual intercourse with her. He made no threats; there was no fear or intimidation, and the only violence used, as far as appears in the record, was throwing her upon the lounge. There were no bruises upon her person, her clothing was not torn, nor did she make any complaint after the act was committed until it was discovered, months thereafter, that she was pregnant. Under this state of facts, if the accused had been indicted for the offense of rape, the jury would not have been

authorized to have convicted him.    Rape is the carnal knowledge of a female forcibly and against her will; and if she consent to the sexual intercourse, although that consent may be reluctantly given and although there may be some force used to obtain her consent, the offense can not be rape.    Although she may have resisted at the time the accused first took hold of her and at the time she was thrown upon the lounge, yet if she consented after this resistance and before the accomplishment of the sexual act, the offense was not rape.    In order that the offense might constitute rape, she must have resisted with all her power and kept up that resistance as long as she had strength.    Opposition to the sexual act by mere words is not sufficient.    Any consent of the woman, however reluctant, is fatal to a conviction for rape.    The passive policy will not do.    There must be the utmost reluctance and resistance.    As was said by Maxwell, C. J., in the case of Matthews v. State, 19 Neb. 330, s. c. 27 N. W. Rep. 234, "The reason for this rule is apparent, as probably but comparatively few women would admit that they gave their assent to illicit intercourse.    If the mere refusal to give express assent was sufficient to establish the crime of rape, a very large proportion of the cases of illicit intercourse, no doubt, could be brought under that head, and no doubt would be, particularly when the conduct of the parties was exposed, and such as to bring them into public observance.    The law, therefore, as evidence that the act was committed against her will, requires the prosecutrix to use all the means in her power to prevent the consummation of the act.    If the act is committed with force and against her will, there is a great probability that some marks will be left upon her person or clothing, or both, as evidence of the struggle; and if she made complaint at the first opportunity, these facts tend to corroborate her testimony that the offense was committed by some one.    If no marks are left upon the person or clothing, and no complaint is made at the first opportunity, a doubt is thrown upon the whole charge."    See also McClain on Criminal Law, vol. 1, § 438 et seq.; Reynolds v. The State, 27 Neb. 90, 42 N. W. Rep. 903; Regina v. Hallett, 38 E. C. L. R. 318, s. c. 9 Car. & P. 748; *Jones* v. *The State*, 90 *Ga.* 616.    *Judgment affirmed.*    *All the Justices concurring.*