## LIPHAM *v.* THE STATE.

1. It is not the name, but the description of the crime, which characterizes the offense charged.

2. A man who marries the mother of an illegitimate daughter becomes the stepfather of such child, within the meaning of the Penal Code, §380, and of the Civil Code, §2413.

3. In the trial of one charged with incest, evidence tending to establish acts of incest at times other than and prior to that relied on for a conviction is admissible as throwing light upon the relations of the parties toward each other.

Argued February 19,—Decided March 23, 1906.

Indictment for incest. Before Judge Mitchell. Colquitt superior court. December 2, 1906.

*J. A. Wilkes,* for plaintiff in error.

*W. E. Thomas,* solicitor-general, contra.

COBB, P. J. The material portion of the indictment was in the following words: "The grand jurors . . charge and accuse and present John Lipham, of the county and State aforesaid, with the offense of a felony, for that the said John Lipham, in the county aforesaid, on the first day of July in the year of our Lord nineteen hundred and four, with force and arms and unlawfully, being then and there a married man, did have sexual intercourse with and carnally know one Della Tipper, who was then and there an unmarried woman, and was then and there the stepdaughter of him, the said John Lipham." There was a demurrer to this indictment, which alleged, that it charges no offense under the laws of this State; that it charges the accused with a felony, and it does not appear of what the felony consisted; that it does not charge the accused with the commission of incestuous fornication or incestuous adultery, nor does it allege that either of these acts was committed; and it does not charge the offense of incest in any manner whatever.

This demurrer was overruled, and this ruling is made the basis of one of the assignments of error.

The Penal Code provides that any person guilty of incestuous adultery or incestuous fornication shall be punished by confinement in the penitentiary. Penal Code, §380. The code does not attempt to define the offense of incestuous fornication or incestuous adultery. Adultery or fornication committed by persons who are prohibited by law from marrying on account of being related within certain degrees of consanguinity or affinity is incestuous. See *Cook* v. *State*, 11 *Ga.* 56. The code prohibits the marriage of a man with his stepdaughter, and declares such a marriage to be incestuous. Civil Code, §2413. The presentment, therefore, in its descriptive parts sets out an offense against the laws of this State. But it is said that the name of the offense is not set out in the presentment; that it should be alleged that the accused was guilty of incestuous adultery, whereas it was simply alleged that he was guilty of a felony. It is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the State. It is not the name given to the offense in the bill which characterizes it, but the description in the averments of the indictment. *Camp* v. *State,* 3 *Ga.* 419, Van Epps' annotations, Id. 421.

2. Upon the trial the evidence of the State established the fact that the alleged stepdaughter was the illegitimate child of the wife of the accused, born before the marriage of the mother with the accused. The question to be determined is whether such a child becomes a stepdaughter within the meaning of the Civil Code, §2413, which declares that a marriage between a man and his stepdaughter is incestuous. Dictionaries and text-books with unanimity define a stepdaughter to be the child of a wife or husband by a former marriage. If this definition is controlling, the illegitimate child of the husband or wife before their marriage would not become the stepchild of the other party to the marriage contract. Section 2413 of the Civil Code is founded upon the Roman law. See Hunter's Roman Law (3d ed.), 686. "Only the children begotten in legitimate marriage had juristically a father and paternal relations. On the other hand, as regards the mother and the maternal relations, the law made no difference between their children begotten in wedlock and out of wedlock." Salkowski's Roman

Private Law, 217. This distinction is followed, at least to some extent, in this State. A bastard in the eyes of our law has no father, but the relationship between the illegitimate offspring and the mother is recognized, even to the extent of the capacity of the illegitimate to inherit. It would therefore seem unreasonable to hold that no affinity existed between the husband and the illegitimate child of the woman born before marriage. It is true that this court has held that the statute authorizing a parent to recover damages for the wrongful killing of a minor child gives no right of action to the mother of a bastard. This was a statute in derogation of the common law, and its construction was necessarily strict. The word "child" was therefore held to have been used by the legislature in its limited sense, and a bastard was not in contemplation. The ruling cited by counsel for plaintiff in error in the case of Thornburg *v.* American Strawboard Company, 141 Ind. 443. (50 Am. St. Rep. 334), is to the same effect. A statute giving a right of action to a parent for the wrongful killing of a child was held not to apply to a stepchild. It is true that it was there said, "Strictly speaking, therefore, a man who marries the mother of a bastard child does not become the stepfather of such child." But this is obiter, for in the same opinion it is said, "If it were conceded that he was the stepfather of the child named in the complaint, he would not come within the terms of the statute."

A penal statute is subject to careful scrutiny and strict interpretation, but this rule does not impose upon this court a pedantic construction of words and phrases. The framers of statutes are men of affairs, rather than rhetoricians balancing the various shades of meaning of language employed, and words are to be given their ordinary intendment and effect. As was said by Justice Bleckley, in *Minor* v. *State,* 63 *Ga.* 321, "It is something easier for an offender to baffle the dictionary than the Penal Code; for the former is perplexed with verbal niceties and shades of meaning, while the latter grasps in a broad, practical way at the substantial transactions of men." See also *Sanders* v. *State,* 74 *Ga.* 85; *Jones* v. *State,* 120 *Ga.* 188. It is for the protection of the most important unit of society—the family, that incest is pronounced a crime. If a man marry the mother of an illegitimate daughter, and take the daughter into his care and custody, he becomes charged with a duty towards her. His disregard of morality and decency in hav-

ing sexual intercourse with her is a crime transcending a mere misdemeanor. The act has all the elements which constitute incest. As incest it should be punished. "Thou shalt not uncover the nakedness of a woman and her daughter." Leviticus, XVIII, 17.

3. Complaint was made that evidence was admitted, over the objection of the accused, to the effect that, about a year before the date of the alleged offense, the accused and his stepdaughter had slept together in a covered wagon on different nights, once in Thomas county and once in Florida. The accused was on trial for an offense committed in Colquitt county. There was no error in the admission of this evidence. It was relevant for the purpose of throwing light on the relations existing between the parties. *Bass v. State,* 103 *Ga.* 227; Underhill's Crim. Ev. § 92.

*Judgment affirmed. All the Justices concur.*