### 1718.  NEPHEW v. THE STATE.

1. A conviction of adultery and fornication can not be obtained where it appears that the female with whom the alleged unlawful sexual intercourse is charged did not consent thereto, and where the act appears to have been against her will. The crime of adultery and fornication necessarily involves the idea of consent; and, while consent in some instances may be procured by force to a certain degree, yet where force is used in the inception of the offense it must at least be shown that consent was finally induced thereby.

2. If no force or fraud is used, one who has sexual intercourse with his unmarried stepdaughter is guilty of incestuous adultery and fornication, and not of adultery and fornication.

Indictment for adultery and fornication, from McIntosh superior court—Judge Charlton presiding. January 23, 1909.

Submitted March 10,—Decided March 16, 1909.

*Charles M. Tyson,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

RUSSELL, J. August Nephew was convicted of the offense of adultery and fornication, and excepts to the judgment overruling his motion for a new trial. The only point raised by the record is whether the verdict is contrary to law and evidence for the reason that, if the defendant is guilty at all, he is guilty of some other crime than that charged in the indictment. The testimony in the record shows that the defendant is the stepfather of Patience Mell, the female with whom it is alleged the offense was committed. At the time of the criminal act she was a girl twelve years of age. She did not live with her mother and stepfather,

but with her grandmother, in a different house. On the day of
the alleged crime she was at the defendant's house; her mother,.
the defendant's wife, was absent from home, as were the other
members of the family. The defendant had been fishing, and,
coming home, discovered the girl on the floor, playing with her
mother's baby. To use her own language, "He asked me for some
and offered me a piece of tobacco. I said 'No,' and he came to me
and pushed me down, and did it to me. I fought him all I could. I
did not holler, but I fought him. He hurt me, and he took it."
In another portion of her testimony the girl says, "I fought him,
and he pushed me over and took it." Shortly afterwards the grand-
mother noticed that something was the matter with her grand-
child, and to her question the girl replied that the defendant "had
done it to her and had hurt her." The grandmother thereupon
carried the child to a physician, who testified that there was blood
on her and on her clothes, and that entrance into her person had
been effected. The doctor was of the opinion, however, that the
blood was menstrual flow. The grandmother testified that her
granddaughter was bruised and swollen.

1. From the foregoing review of the testimony, we are clearly
of the opinion that if the defendant accomplished sexual inter--
course with the female alleged, he could not lawfully be convicted
of mere adultery and fornication; for the reason that there is no·
evidence, direct or circumstantial, from which it can be inferred
that the girl consented to the act. While the code requires that the
perpetrators of this offense shall be severally indicted, it has been
uniformly held that whether the offense be adultery, adultery and
fornication, or fornication, the nature of the offense is such as to
involve the consent of both parties. It is true that the idea of
consent does not exclude the use of force in some instances; and
in fact it may be said that consent may be induced by force; but
in all cases it must appear (however the consent may have been
induced) that the female did actually consent before the inter--
course was accomplished. The decision in *Mathews* v. *State,* 101
*Ga.* 547 (29 S. E. 424), is relied on to sustain the conviction.
While the rule there laid down is sound, it is not applicable to the
present case. It is plain, from reading the opinion in the *Math-*
*ews* case, that the Supreme Court placed its decision upon the·
fact that the evidence was sufficient to show that the female· in

that case consented to the intercourse; and an examination of the original record shows that she so testified specifically. It was a case in which there was force of a certain sort used, which was necessary to overcome the natural modesty of the particular female, or such force as is usually necessary to overcome the seeming modesty which a female in respectable circles would naturally at first assume in the presence of such a proposition. An examination of the brief of evidence in the *Mathews* case shows that the female, on cross-examination, and afterwards on redirect examination, testified that while she resisted Mathews up to the time he threw her on the lounge, she did not thereafter resist. In the present case this twelve-year old stepdaughter of the defendant, who would naturally be greatly influenced by the relationship, testifies that she fought him all she could; and at no point does she say that she ceased to fight him as long as she was able to maintain the unequal struggle. It may be that if she had been questioned upon that point, the inquiry would have elicited the same information as was brought out in the *Mathews* case; but the burden is on the State to prove the charge as laid. It was held by the Supreme Court in the case of *Speer* v. *State,* 60 *Ga.* 381: "The woman must consent as well as the man; therefore, fornication can not be forcible and against the woman's will. The code provides that 'any man and woman who shall commit adultery, or fornication, or adultery and fornication, shall be severally indicted,' etc. While indicted severally, it seems clear that both must commit the offense; the woman as well as the man must do the deed, commit the crime; but intention—will—is a necessary ingredient in every crime, and if the woman be forced, and the man has carnal knowledge of her against her will, she has committed no offense, and as both must concur to commit fornication, there can be no fornication under the code of Georgia included in rape."

2. The verdict must be set aside for another reason. If the defendant had sexual intercourse with his stepdaughter, however her consent may have been obtained, he is not guilty of mere adultery and fornication, but is liable to the heavier penalties imposed upon the greater crime of incest. According to the decision in *Lipham* v. *State,* 125 *Ga.* 52 (53 S. E. 817, 114 Am. St. R. 181), the case is not altered even if the stepdaughter be illegitimate. Our law follows the Levitical rule (Leviticus, XVIII, 17),

and carnal intercourse between father and stepdaughter is not only prohibited, but those engaged in such commerce are guilty of in- ·cestuous adultery and fornication, or incestuous adultery, or in- cestuous fornication, as the parties may happen to be married or single.   Penal Code, §380.   This court must consider the evidence in the view taken of it by the jury, and therefore we must hold that the evidence is sufficient to show that the defendant did have sexual intercourse with the female alleged, upon the occasion stated in the indictment.   While we must reverse the judgment refusing a new trial, we direct that the defendant be held to await the ac- tion of the grand jury of McIntosh county, according as such grand jury may determine to prosecute him either for the offense of rape or incestuous adultery and fornication.

*Judgment reversed, with direction.*