### 10733. HUCKEBA *v.* THE STATE.

BROYLES, C. J. 1. None of the excerpts from the charge of the court excepted to, when considered in the light of the charge as a whole and the facts of the case, contains reversible error.

2. The court did not err in repelling the testimony as complained of in the 5th special ground of the motion for a new trial.

3. Under the facts of the case the court did not err in denying the defendant's motion to declare a mistrial.

4. The conviction of the defendant did not depend wholly on circumstantial evidence. The court, therefore did not err in failing to instruct the jury upon the law of circumstantial evidence, there being no timely and appropriate written request therefor.

5. The admission of the testimony as to the defendant's relations, outside of Polk county, with the female with whom he was charged with having sexual intercourse, was not error, since the court specifically charged the jury as follows: "The court has permitted certain evidence to come before you regarding transactions that did not occur within the county of Polk. The court has no opinion and expresses none as to what has been proven in this regard, or as to any facts proven in the case. This evidence was admitted for the purpose of showing, if anything was shown (and you are the judges of what that evidence was or what was shown) by this evidence of the relations between the parties, and in aiding you, in so far as you think it may aid you, in determining the guilt or innocence of the defendant. I charge you that this alone would not warrant a conviction. In other words; you could not convict the defendant for anything that occurred outside the county of Polk, if anything did occur, or if any offense was committed outside of this county, this would not warrant the conviction of the defendant, but, as before stated, this is to aid you in determining the guilt or innocence of the defendant, and to aid you in determining whether the charge in the bill of indictment is true, but it is a circumstance in the case and you have the right to consider it to this extent only. You must find, in order to find the defendant guilty, that the offense was committed in the county of Polk." *Lipham* v. *State,* 125 *Ga.* 52 (3), 55 (53 S. E. 817, 114 Am. St. R. 181, 5 Ann. Cas. 66); *Nobles* v. *State,* 127 *Ga.* 212 (3), 216 (56 S. E. 125).

6. The conviction was amply warranted by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*<br>DECIDED NOVEMBER 4, 1919.

Indictment for adultery and fornication; from city court of Polk county—Judge Tison.  June 12, 1919.

The motion that the court declare a mistrial was based on the statement of the solicitor-general, in his argument to the jury, that he would go to his grave "believing that this girl swore the truth" (referring to the principal witness for the prosecution).  In overruling the motion the judge stated, in the presence of the jury, that he would instruct them to disregard any statement of counsel as to their personal opinion or belief as to the evidence; and he so instructed them in his charge.

*Bunn & Trawick, W. W. Munday,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.