HODGES *v.* THE STATE.

ALMAND, Justice. The petition for certiorari in this case seeks to review the judgment of the Court of Appeals affirming the judgment of the trial court overruling a petition for certiorari, which complained of the conviction and sentence of the petitioner in the Criminal Court of Atlanta. In its opinion, the Court of Appeals ruled: that (a) the trial court did not err in overruling a motion for a mistrial; (b) the trial court did not err in admitting in evidence accusations and convictions of the petitioner on previous lottery offenses; and (c) the evidence authorized the verdict. In her petition for the wirt of certiorari to the Court of Appeals, the only assignment of error on the judgment and decision of the Court of Appeals is as follows: "Applicant assigns error generally upon said judgment and decision of the Court of Appeals, as being contrary to law, and specially assigns error thereon, as being contrary to law, on the following grounds:" Thereafter, the petitioner complains of several rulings of the trial court, and supports these contentions by argument and citation of authority, but nowhere in her petition does she set out any specific ruling of the Court of Appeals and assign error thereon. In substance the petition for certiorari merely contends, with argument and citation of authority, that certain rulings of the trial court were erroneous. *Held:*

The petition for certiorari fails to comply with Rule 45 of this court, which provides: "Argument and briefs of authorities must not be included in the petition, but must be submitted separately. In considering the question of the grant of the petition for certiorari, and if

granted, in disposing of the case, this court will only consider the questions raised in such petition.

"The petition must specify plainly the decision complained of and the alleged errors. It will not be sufficient to set out the contentions and assignments of error made in the original bill of exceptions or motion for a new trial, but it shall be necessary to set forth plainly and specifically the errors alleged to have been committed by the Court of Appeals. A failure to comply with this provision will be deemed a sufficient reason for denying the petition." 202 *Ga.* 899.

The errors alleged to have been committed by the Court of Appeals are not specifically set out, and argument and briefs of authorities are included in the petition. *Parks* v. *Hardwick,* 158 *Ga.* 71 (122 S. E. 553); *Jones* v. *Pacific Fire Ins. Co.,* 159 *Ga.* 248 (125 S. E. 470); *Louisville & Nashville R. Co.* v. *Tomlin,* 161 *Ga.* 749 (132 S. E. 90); *Sovereign Camp Woodmen of the World* v. *Norman,* 190 *Ga.* 872 (10 S. E. 2d, 920). The writ of certiorari, having been improvidently granted, is

*Dismissed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17879. SUBMITTED JUNE 10, 1952—DECIDED JULY 14, 1952—
REHEARING DENIED JULY 28, 1952.

*Barrett & Hayes* and *Russell O. Clay,* for plaintiff in error.
*Paul Webb, Solicitor-General, John I. Kelley, B. B. Zellars* and *William Hall,* contra.