18377. St. Paul-Mercury Indemnity Co. *et al. v.* Idov.

Candler, Justice. On application therefor, certiorari was granted by this court to review a judgment rendered by the Court of Appeals in this litigation. The case involves the method to be employed in computing compensation under an amendment of 1945 to the Georgia Workmen's Compensation Act (Ga. L. 1945, p. 486; Code, Ann. Supp., § 114-402). As the record shows, the deceased employee had been concurrently employed as a retail salesman by three different employers for a continuous period of more than thirteen weeks immediately prior to his death. No question has been raised about liability, the only issue being the amount of compensation which should be paid. The State Board of Workmen's Compensation, by using the formula prescribed by Code (Ann. Supp.) § 114-402 (1), found the average weekly wage of the deceased by adding together the wages which he had received from the three employers for whom he had concurrently worked for the thirteen weeks immediately preceding his death, and by dividing that total amount by thirteen. Based upon his average weekly wage, as thus ascertained, an award of compensation was made to those entitled under the compensation act to such benefits. On appeal to the superior court having jurisdiction of the cause, the presiding judge sustained the award made by the board, and on a writ of error to the Court of Appeals his judgment was affirmed. The Court of Appeals, in deciding the case, applied the doctrine of concurrent similar employment; and, in doing so, followed the courts of last resort in eight other States where statutes like that of ours were being construed and applied in dealing with a question such as the one presently before us. Since the instant case was argued in this court, we have further considered the ruling here complained of, re-examined the authorities cited and relied upon by the parties as well as those found by us—both of our own State and of others—and have reached the conclusion that the judgment complained of is not erroneous for any reason assigned in the application for certiorari; and having so concluded, it necessarily follows that the writ of certiorari was improvidently granted by this court and should be dis-

missed. See, in this connection, *First Nat. Bank of Atlanta* v. *Williams,* 191 *Ga.* 611 (13 S. E. 2d 361); *Hurley* v. *City of Atlanta,* 208 *Ga.* 457 (67 S. E. 2d 571); *Hodges* v. *State,* 209 *Ga.* 283 (71 S. E. 2d 543), and the cases there cited.

*Writ of certiorari dismissed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED OCTOBER 14, 1953—DECIDED NOVEMBER 10, 1953—
REHEARING DENIED NOVEMBER 25, 1953.

*Moise, Post & Gardner, Hugh E. Wright, Ed Lane, Jr.,* for plaintiff in error.

*White, Douglas & Arnold, Edward S. White, Hamilton Douglas, Jr., Ross Arnold,* contra.