50696. UNITED STATES FIRE INSURANCE COMPANY et al. v. CITY OF ATLANTA et al.

EVANS, Judge.

This is a workmen's compensation case.

Clarence E. Harris was a plain-clothes detective employed by the City of Atlanta. He felt the necessity of

supplementing his income, and secured the permission of his employer to work as a security guard at Weis Theatres, Inc., where he was expected to help to maintain order if the necessity arose. This was in line with the work he performed for the City of Atlanta, and would have resulted in the city's advantage if he were able to keep down disorder without having to call in city policemen who might be otherwise engaged. He was subject to re-call by the city at any and all times if the city felt he was needed, as for instance, to help quell a riot or other emergency assistance.

Harris was killed while in the performance of his duty at the theatre. His widow applied for and was awarded compensation for her use and for that of her minor child (stepchild of the deceased husband) by the deputy director. The award was solely against Weis Theatre and its insurance carrier.

Weis appealed to the full board, and contended that the award should also have been against the City of Atlanta, as a joint employer within the purview of Code § 114-419. Weis contended that the City of Atlanta reserved the absolute right of control of the deceased, and should share in the liability; and it also contended there was no liability to the stepchild because the child had not been in a state of dependency on the deceased husband for a period of three months prior to the husband's homicide.

The board affirmed the deputy director's award; the case was appealed to the superior court, and here the board was sustained. Weis and its insurer appeal. *Held:*

1. A valid rule of the Atlanta Police Department requires the members of its force to devote their full time and attention to police business, and forbade their acceptance of employment or financial interest in any other work or business except by permission of the Chief of Police. (Rules 481 and 618, T. p. 40). But here the deceased had obtained the necessary permit to work in the security position offered by Weis, which required an off-duty police officer. (T. pp. 48, 49, 50).

2. Another valid rule of the Atlanta Police Department provided that when members are relieved at certain hours from actual performance of their police duties, they are still held to be *at all times* on duty of and

for the Atlanta Police Department and must be prepared, even during off-hours, while employed by another, *to act immediately on notice that their services are required* by the Atlanta Police Department. (T. p. 43 Rule 482) (Also see Stipulation, T. p. 47).

3. There is no dispute here that the finding was authorized to the effect that Harris' homicide occurred while performing concurrent similar employment. (T. p. 53.) The issue and dispute here is Weis' contention that the City of Atlanta should be required to bear its proportionate part of the award, and thus relieve Weis of paying the entire amount of the award. See *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE 2d 327). Weis also contends the stepchild was not entitled to any award.

4. Code § 114-419 provides that whenever any employee is in the joint employment of two or more employers both of whom are subject to the workmen's compensation law at the time of his injury or death, both employers shall contribute to the payment of compensation in proportion to their wage liability to the employee.

5. Here, this police officer while performing a security job, was called upon, as an officer, to control, subdue, arrest or disband persons causing a disturbance in a theater. He was then and there shot and killed by one of those participating in the disturbance. He was in the performance of a police function, and on duty in an emergency. If he had not been there, Weis would have called on the City of Atlanta to send policemen to put down the disturbance. It is quite clear that he was shot and killed in the performance of a police function, and it arose out of and in the course of his employment as a police officer of the City of Atlanta.

6. This case is reversed and remanded with direction that a finding be made as to the proportionate amount of the award to be paid by the City of Atlanta.

7. Under Code § 114-414 (c) a stepchild of the father is conclusively presumed to be a next of kin wholly dependent for support upon the deceased employee as well as the widow. See *Brown v. Sheridan,* 83 Ga. App. 725 (2) (64 SE2d 636), at page 730.

But counsel for insurer/employer argues that the term stepchild should not be applied to an illegitimate child of the widow, citing dictionary definitions that only a legitimate child would be a stepchild. This would be a narrow construction and not one as the workmen's compensation law intends, that is to construe the law liberally. Attention is also called to the cases of *Lipham v. State,* 125 Ga. 52 (53 SE 817), and *Nephew v. State,* 5 Ga. App. 841 (63 SE 930), construing the criminal statutes for the protection of the family and society to be that when a man marries the mother of an illegitimate child he becomes a stepfather of that child and in those cases should be charged with incestuous relations with that child instead of fornication or adultery. As was so aptly stated by Justice Cobb, quoting Justice Bleckley in *Minor v. State,* 63 Ga. 318, in *Lipham v. State,* 125 Ga. 52, supra, at page 54: "It is something easier for an offender to baffle the dictionary than the Penal Code; for the former is perplexed with verbal niceties and shades of meaning while the latter grasps in a broad practical way at the substantial transactions of men," and went on to hold that if a man has sexual relations with the illegitimate child of his wife, he is guilty of incest. The finding in favor of the stepchild will be affirmed.

*Judgment affirmed in part and reversed in part with direction that a determination be made as to the wage liability as set forth in Division 6. Deen, P. J., and Stolz, J., concur.*

ARGUED MAY 21, 1975 — DECIDED
JULY 11, 1975.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, Arthur H. Glaser,* for appellants.
*Henry M. Murff, Bettie C. Harris,* for appellees.