53613. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. WALTERS.

DEEN, Presiding Judge.

1. The appellee-claimant in this workmen's compensation case worked six days a week as a retail

sales clerk in a family enterprise store having only two employees and therefore not required to come under the Workmen's Compensation Act. Code § 114-107. She worked one day a week as a clerk for Hart County Hospital, during which latter employment she was injured in a fall. The claimant's testimony plus that of two physicians in the hospital is sufficient to sustain the award based on a finding that the fall, in addition to other stipulated injuries, aggravated a preexisting condition of degenerative osteoarthritis of the back, the cause of her present disability. *Fireman's Fund Ins. Co. v. New,* 110 Ga. App. 596 (139 SE2d 343).

2. The evidence supports the finding of fact of the administrative law judge that "claimant's part time job and her full time job involved handling money, giving receipts, keeping records, and meeting the public on behalf of her employers. Although the jobs are not exact in every detail I find they are sufficiently similar in nature [to constitute] concurrent similar employment." *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327).

3. Lastly, it is contended that even though this court finds the two jobs were both concurrent and similar in nature, the wages should not be added together as a base for computation of benefits because the full time job as retail sales clerk was not covered under workmen's compensation, although the hospital work during which the claimant was injured was in fact covered. It is true that the department store is not insured and pays nothing into the fund so that, looked at alone from the standpoint of the employer, the position might be sustainable. On the other hand, the accident takes from the employee his earning power in both fields of employment. "The great object or theory of the workmen's compensation laws is to shift the burden of economic loss, entailed by personal injuries to workmen necessarily accompanying modern industrial operations, from the employee to the industry, in order that it may ultimately be borne by the consumer as a part of the necessary cost of production, rather than by the one particular establishment in which the employee was working while injured." *Continental Cas. Co. v. Haynie,* 51 Ga. App. 650, 651 (181 SE 126). The

question is whether the wage pyramid solution, which also met the approval of the Supreme Court in *St. Paul-Mercury Indem. Co. v. Idov,* 210 Ga. 256 (78 SE2d 799), should be applied where the other employment is not covered by workmen's compensation. This solution has in fact been repudiated in Arizona (Faulkner v. Industrial Commission, 223 P2d 905) and Florida (Jaquette Motor Co. v. Talley, 134 S2d 238). Under the framework of the Georgia law, however, it serves to meet the overall purposes of the Act — that is, to ameliorate the industrial disability of the employee — and to fit within the statutory scheme. Code § 114-402 (1) provides that the average weekly wage on which payments are figured is to be computed as one thirteenth of the total amount of wages earned during the 13-week period immediately preceding the injury "whether for the same or another employer." Rule 402 (c) of the Rules and Regulations, State Board of Workmen's Compensation, provides: "If the employee has similar concurrent employment, the wages paid by all similar, concurrent employers shall be included in calculating the average weekly wages." The amount is not limited to wages earned *in a covered employment.* Accordingly, the award properly combined the wages of the claimant's two employments as a basis for determining compensation.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED MARCH 3, 1977 — DECIDED MARCH 11, 1977.

*Savell, Williams, Cox & Angel, Elmer L. Nash, John M. Williams,* for appellants.

*William O. Carter,* for appellee.