56351. EMPLOYER'S INSURANCE OF WAUSAU et al. v. BROWN et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of

Workers' Compensation and assessed attorney fees against the appellant under Code Ann. § 114-712 (Code § 114-712, as amended through Ga. L. 1943, pp. 167-169). *Held:*

1. Considering the entire record of this case there was sufficient evidence upon which the board could base its holding that the claimant was engaged in concurrent similar employment for two separate employers. Therefore, his average weekly wage would be determined by the total earned from both employers. *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327).

2. The evidence in this case presented a close question to be determined and it cannot be said that the defense was without reasonable grounds. Therefore, the assessment of attorney fees was error.

*Judgment affirmed in part; reversed in part. Bell, C. J., Deen, P. J., Webb, Smith, Shulman, Banke, and Birdsong, JJ., concur. McMurray, J., concurs in part and dissents in part.*

ARGUED SEPTEMBER 5, 1978 — DECIDED NOVEMBER 2, 1978.

*Swift, Currie, McGhee & Hiers, Clifford E. Hardwick, IV, James T. McDonald, Jr.,* for appellants.
*Lissner & Killian, Robert P. Killian,* for appellees.

McMURRAY, Judge, concurring in part and dissenting in part.

This case involves the doctrine of concurrent similar employment by the claimants' decedent for two separate employers. In this instance a pulpwood worker (claimants' decedent) who was employed as a "slasher operator" in cutting up whole trees was also employed by one of the independent contractors to that worker's prime employer in the cutting of pulpwood. The evidence disclosed that neither of these jobs was considered high risk, although this worker was killed on the job. As a slasher operator he cut up the trees or logs being processed at the pulpwood plant. Apparently, his employment with the independent contractor required the cutting of the trees into 5 1/2 to 6 1/2 foot lengths using a chain saw for

delivery by the cord to the plant by the independent contractor. He was fatally injured while an employee of the independent contractor, and the board determined there was similar concurrent employment in determining his wages under Code Ann. § 114-402 (Ga. L. 1945, p. 486).

In Division 1 the majority holds that the evidence was sufficient to authorize a finding that the claimants' decedent was engaged in concurrent similar employment by two separate employers and that his average weekly wage would be determined by the total earned from both employers. To this I fully agree.

However, the majority reverses in part in Division 2 wherein the superior court after hearing evidence awarded attorney fees after finding the appeal was frivolous and brought without reasonable grounds. The majority here contends that the evidence presented a close question as to whether the defense was without reasonable grounds. To this I cannot agree. Although it may be that the use of the machinery as a slasher operator might require a little more skill than the use of a chain saw, nevertheless both types of machinery are used in the pulpwood industry for the cutting up of trees. Both require some skill and both involve some risk.

In *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327), an employee was engaged for three different employers as a retail salesman. He worked for two different employers as a retail liquor salesman and for the third as a retail clothing salesman. Therein it was held that his employment involved three similar jobs and was concurrent. On consideration of certiorari in *St. Paul-Mercury Indem. Co. v. Idov,* 210 Ga. 256 (78 SE2d 799), the writ was dismissed as being improvidently granted. The above case was followed in *St. Paul Fire &c. Ins. Co. v. Walters,* 141 Ga. App. 579 (234 SE2d 157), wherein a claimant who worked as a sales clerk in a family enterprise store and also worked as a clerk in a hospital was found to have concurrent similar employment. In *U. S. Fire Ins. Co. v. City of Atlanta,* 135 Ga. App. 390 (217 SE2d 647), not only was the concurrent similar employment doctrine applied to a security guard who was killed at an Atlanta theatre, but since he was an Atlanta policeman required "to control, subdue, arrest or

disband persons causing a disturbance in a theater," it was determined that the employee was in the joint employment of two or more employers under Code § 114-419, as well.

While there are not too many decisions applying the concurrent similar employment doctrine nevertheless it is my opinion that the evidence as to similarity of the two jobs performed by the deceased was so overwhelming until an appeal therefrom to the superior court was properly considered frivolous by that court. I would affirm the judgment in its entirety.

I, therefore, respectfully dissent.