57547. OWENS-ILLINOIS, INC. v. LEWIS.

SHULMAN, Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation in favor of the appellee. We affirm.

1. Appellant argues that the court erred in affirming the board's award in that the board had failed to address the issue of appellee's concurrent employment. Further, appellant argues that the board should have determined as a matter of law that appellee was engaged in concurrent *similar* employment. We disagree.

A. Contrary to appellant's assertions, the board did make a factual finding, adverse to appellee's interests, on the issue of concurrent similar employment. In its

findings of fact, the board stated that while appellee was a machinist under appellant's employ, he did not do "any of the manual work in connection with [his water purification business] but supervised only." Clearly, the board impliedly, though not expressly, rejected appellant's contentions of concurrent similar employment.

B. As there was evidence authorizing the board's determination that appellant was not engaged in concurrent similar employment (see *Employer's Ins. of Wausau v. Brown,* 147 Ga. App. 866 (1) (250 SE2d 575); *Hercules v. Adams,* 143 Ga. App. 91 (237 SE2d 631)), appellant's contention that it should be given credit for appellee's concurrent similar employment is without merit.

2. Appellant contends that the court erred as a matter of law in affirming the board's award, in that appellee has undergone an economic change in condition.

The 1978 amendment to Code Ann. § 114-709 defines a change in condition as "a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary under this Title . . . *which change occurred after the date* of the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise." (Emphasis supplied.)

The burden is upon appellant, pursuant to Code Ann. § 114-709, to show that appellee has undergone a change in condition *since* the rendition of the award. Appellant has clearly not met its burden.

3. Appellant argues that there has been a change in appellee's condition as a result of appellee's receipt of private disability insurance proceeds, which proceeds appellee was entitled to receive at the time of the board's determination. Thus, pretermitting whether this claim as to insurance proceeds presents an otherwise proper claim for the modification of an award of compensation, appellee's continuing income from this source cannot be considered a change in his condition.

Nor can appellee's other employment be considered to constitute a change in his condition. The board recognized the fact that appellee was engaged in another

business, but as the board determined that it was not concurrent similar employment, it refused to take appellee's income from such business into account in establishing appellee's measure of damages.

As appellant has failed to establish a change in condition occurring after the board's decision was rendered, judgment is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED JULY 10, 1979.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr., Donald F. Walton,* for appellant.
*Jack J. Helms,* for appellee.