A95A1682. PATE v. EASTERN AIRLINES et al.
(462 SE2d 153)

BLACKBURN, Judge.

We granted appellant Michael K. Pate's application for discretionary review of the trial court's affirmation of the Appellate Division of the State Board of Workers' Compensation's (Board) decision.

The Board vacated the decision of the administrative law judge (ALJ), and found that Pate had undergone a change of condition from a 1988 injury warranting the termination of his total disability benefits. The change found in Pate's condition was based upon income he received from the landscaping business that he had operated from his home since 1986. The Board remanded the case to a second ALJ to receive evidence on the amount of temporary partial disability benefits that might be due and instructed such ALJ to deduct attorney fees from any benefits due Pate. On remand, the ALJ found that Pate had undergone a change in condition from total disability to temporary partial disability, effective January 1, 1990, and ordered Pate to reimburse appellee, Eastern Airlines (Eastern) $8,236, the difference in the total disability payments he received and the temporary partial disability payments he was entitled to receive.

1. Relying on *Owens-Illinois v. Lewis,* 150 Ga. App. 640 (258 SE2d 293) (1979), Pate contends that the second ALJ, the Board, and the trial court erred in considering the income of his landscaping business because he was operating the business at the time of his 1988

injury and the income from the business was not included in the calculation of his average weekly wage.

In *Lewis*, as in the present case, the injured employee was self-employed at the time he sustained the compensable injury. However, this Court held that Lewis's other employment could not be considered a change in condition within the meaning of Code Ann. § 114-709, now OCGA § 34-9-104 (a), because it was not concurrent similar employment and the Board did not use Lewis's income from such business in establishing Lewis's measure of damages. Id. at 640-641. Pate's employment with Eastern as a baggage handler was not similar to the work he performed while self-employed in the landscaping business, as the latter was essentially supervisory in nature and involved only occasional light manual labor in using his business's lawn mowers and other equipment. See *St. Paul-Mercury Indem. Co. v. Idov*, 88 Ga. App. 697 (77 SE2d 327) (1953). Moreover, the Board here found that Pate's employment was concurrent dissimilar employment by implication because the wages for such employment were not included in the calculation of his average weekly wage. Consequently, the Board erred, as a matter of law, in considering the wages Pate earned in his landscaping business in determining that he had undergone a change in condition.

2. In view of our disposition of Division 1, we do not reach Pate's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 16, 1995 —
RECONSIDERATION DENIED SEPTEMBER 6, 1995 — 

*Fink & Travis, David H. Fink*, for appellant.
*Savell & Williams, John M. Williams, Wendy Goodwin*, for appellees.